IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| ANTHONY EDWARD LONG, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 23-CV-0070-SRB |
|  | ) |  |
| JEAN PETERS BAKER, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**ORDER**

Before the Court is a Motion to Dismiss of Defendant Eliza Rosenblatt, n/k/a Eliza Machado De Campos. (Doc. #38.) For the reasons discussed below, the motion is GRANTED.

I. **BACKGROUND**

On February 21, 2023, Pro Se Plaintiff Anthony Edward Long ("Plaintiff") filed his First Amended Petition ("FAP"). (Doc. #3.) Plaintiff asserts that "this court has subject matter jurisdiction over plaintiff's claims herein pursuant to 42 U.S. CODE §1983." (Doc. #3, p. 1.) Plaintiff's FAP alleges violations of the 4th, 5th, and 9th Amendments. Plaintiff seeks compensatory and punitive damages, removal of his name from the federal government's Pathfinder's database, and $100,000,000.

On May 8, 2023, Defendant Eliza Rosenblatt, n/k/a Eliza Machado De Campos ("Defendant") filed a motion to dismiss all claims. Plaintiff opposes the motion. Discussion of the motion is below.

II. **LEGAL STANDARD**

Rule 12(b)(6) provides that a defendant may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss

[for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ash v. Anderson Merchs., LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). When considering a motion to dismiss, "[t]he factual allegations of a complaint are assumed true and construed in favor of the plaintiff, even if it strikes a savvy judge that actual proof of those facts is improbable." *Data Mfg., Inc. v. United Parcel Serv., Inc.*, 557 F.3d 849, 851 (8th Cir. 2009) (citations and quotation marks omitted).

**III. DISCUSSION**

In this case, Plaintiff filed a Second Amended Petition ("SAP") on March 31, 2023. However, Plaintiff did not file any motion seeking leave to file the SAP, nor did he obtain written consent to file the SAP. Plaintiff filed his original pro se pleading on February 3, 2023 and amended it once by filing his First Amended Petition ("FAP") on February 21, 2023. Rule 15(a)(2) requires that Plaintiff either obtain the consent of the parties or leave of the Court before filing any subsequent amended pleading. Plaintiff failed to do so. Plaintiff has offered no explanation or caselaw to support his choice of filing the SAP without proper authorization. As a result, this Court will only consider the FAP in analyzing the instant motion to dismiss. Plaintiff's FAP fails to make any claims against Defendant. As a result, this Court finds Defendant's argument persuasive.[1] Further, the Court has reviewed the SAP and finds it does not state a claim upon which relief can be granted in relation to Defendant.

---

[1] The Court recognizes the persuasive arguments raised by Defendant but declines to analyze them due to the discussion above being sufficient to dispense with the motion.

2

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED** that Defendant's Motion to Dismiss (Doc. #38) is **GRANTED.** Plaintiff's claims against Defendant Eliza Rosenblatt, n/k/a Eliza Machado De Campos in this case are **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

/s/ Stephen R. Bough  
STEPHEN R. BOUGH, JUDGE  
UNITED STATES DISTRICT COURT

DATE: June 6, 2023